**UNITED STATES of America,**
**Appellee,**

v.

**Charles Arnold TROBAUGH,**
**Appellant.**

**No. 04–1567.**

United States Court of Appeals,
Eighth Circuit.

Submitted: July 30, 2004.

Decided: Aug. 2, 2004.

Patrick J. Reinert, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff–Appellee.

Charles Arnold Trobaugh, Pekin, IL, pro se.

Before WOLLMAN, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Charles Arnold Trobaugh (Trobaugh) appeals the 10–month prison sentence the district court[1] imposed after revoking his supervised release. Trobaugh argues the court abused its discretion in finding he violated his supervised release and in imposing a sentence of this length. Further, while Trobaugh admitted purchasing and using cocaine while on supervised release, he argues that rather than sentencing him to prison, the court should have placed him in either a community corrections center or an outpatient-treatment program. Finally, Trobaugh argues for the first time on appeal the district judge should have recused herself because of her involvement in a civil case Trobaugh had filed.

After carefully reviewing the record, we conclude the district court did not abuse its discretion, *see United States v. Grimes,* 54 F.3d 489, 492 (8th Cir.1995) (standard of review), as the 10–month sentence was based upon the court's consideration of relevant sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3583(e). As to Trobaugh's contention the district court's findings were erroneous, we conclude the court was entitled to credit the probation officer's testimony, which supported the court's findings. *See United States v. Carothers,* 337 F.3d 1017, 1019 (8th Cir.2003). Finally, we conclude the district judge was not obligated to recuse herself from Trobaugh's case because Trobaugh offers nothing to show that recusal was warranted. *See Rush v. Smith,* 56 F.3d 918, 922 (8th Cir.1995) (en banc) (standard of re-

---

1. The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

view). Accordingly, we affirm, and we grant counsel's motion to withdraw.